UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Alberto LIMON, Defendant–
Appellant.

No. 05–40652.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 17, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Juan Alberto Limon appeals his 18–month sentence imposed following his guilty-plea conviction for transporting an undocumented alien within the United States by means of a vehicle for private financial gain. Limon argues that the district court erred in increasing his offense level for creating a "substantial risk of death or serious bodily injury" by transporting two undocumented aliens in the windjammer spoiler of his tractor trailer. Limon acknowledges that he agreed to transport the aliens. However, he asserts that he was not aware of the fact that they were hiding in the windjammer spoiler of his tractor trailer.

Following *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this court continues to review the district court's application of the Guidelines de novo and its factual findings for clear error. *See United States v. Villegas*, 404 F.3d 355, 359 (5th Cir.2005); *United States v. Villanueva*, 408 F.3d 193, 203 & n. 9 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 268, 163 L.Ed.2d 241 (2005). A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole. *United States v. Simpson*, 334 F.3d 453, 455–56 (5th Cir.2003).

Limon's argument that the record lacks evidence demonstrating his knowledge of the fact that the aliens were hiding in the windjammer is unavailing. The presentence report (PSR) reflects that Limon admitted to authorities that he knew that the aliens were hiding in the windjammer spoiler of his tractor trailer. Limon never objected to the PSR's recitation of his statement nor denied making the statement to authorities. He has thus failed to show that the information in the PSR concerning his own statement "was materially untrue." *See United States v. Angulo*, 927 F.2d 202, 205 (5th Cir.1991). As such, the district court's determination that Limon "intentionally or recklessly creat[ed] a substantial risk of death or serious bodily

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injury" by transporting the aliens in the windjammer spoiler of his tractor trailer is plausible in light of the record as a whole. *See Simpson,* 334 F.3d at 455–56. Accordingly, the district court did not clearly err in applying the enhancement under U.S.S.G. § 2L1.1(b)(5). Limon's sentence is thus AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.